**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 3, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT ANDREW MULLINS,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
KARIN FOJTIK, AUSA; JAMES
WRIGHT, SSA; BRIAN DEAN, SSA;
ROBERT STOKES, SSA; SPENCER
WALSH, Attorney; GREG MCCLUNE,
SSA; CLERK OF THE COURT CACHE
FIRST DISTRICT COURT, CACHE
COUNTY ATTORNEY'S OFFICE,

    Defendants - Appellees.

No. 24-4099
(D.C. No. 4:22-CV-00046-DN-CMR)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Proceeding pro se, Robert Andrew Mullins brought this action alleging federal

law enforcement officers provided unlawfully obtained evidence to local officials

who then used it to prosecute and convict him. The district court dismissed his action

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

without prejudice. He appeals, still proceeding pro se. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Mr. Mullins's former employer found child pornography on his work computer and sent the images to federal law enforcement agents. The federal agents passed the images on to prosecutors in Cache County, Utah, who prosecuted Mr. Mullins. He pled guilty to state criminal charges in 2010.

Twelve years later, in July 2022, Mr. Mullins filed this case, alleging the photographs used to prosecute him had been obtained unlawfully, in violation of a software license agreement. He brought claims for abuse of process and false imprisonment against the United States, the Cache County Attorney's Office and Clerk of Court, and several federal and county officials.

All defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the district court granted those motions. Although Mr. Mullins's complaint named some non-federal defendants, the court determined it alleged claims only under the Federal Tort Claims Act (FTCA). And because FTCA claims can only be brought against the United States, the court dismissed the claims against all other defendants.

The district court also dismissed Mr. Mullins's claims against the United States as time-barred, reasoning the claims accrued no later than October 2010, when he was sentenced and imprisoned, after which he neither presented them to any federal agency within two years, as required by 28 U.S.C. § 2401(b), nor filed his

2

complaint within six years, as required by 28 U.S.C. § 2401(a). The district court therefore dismissed the action without prejudice.

This timely appeal followed.

## II.

We review de novo the dismissal of Mr. Mullins's claims under Rule 12(b)(6), treating the well-pled factual allegations in his complaint as true and "consider[ing] them in the light most favorable to [Mr. Mullins]." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022). If a complaint's allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002) ("We also review de novo a district court's ruling regarding the applicability of a statute of limitations." (internal quotation marks omitted)), *abrogated on other grounds by United States v. Wong*, 575 U.S. 402, 420 (2015) (holding FTCA's time-bars are not jurisdictional). We construe Mr. Mullins's filings liberally because he proceeds pro se. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). But we do not supply allegations for him or construct legal theories on his behalf. *See id.*

## III.

### A.

Mr. Mullins's opening brief, liberally construed, does not contest the district court's conclusion that his complaint only brought claims under the FTCA. We therefore conclude he has waived any challenge to that ruling. *See In re Syngenta AG*

*MIR 162 Corn Litig. (Hossley-Embry Grp. II)*, 111 F.4th 1095, 1112 (10th Cir. 2024) ("[I]f an appellant fails to address an issue in its opening brief, we ordinarily deem that issue waived and decline to consider it."). And because his complaint included only FTCA claims, we must affirm the dismissal of those claims against all defendants except the United States. *See Smith*, 561 F.3d at 1099 ("'The United States is the only proper defendant in an FTCA action.'") (quoting *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

B.

Turning to Mr. Mullins's FTCA claims against the United States, we must conclude, like the district court did, those claims are time-barred. Under § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Mr. Mullins's claims are subject to the general rule that an FTCA claim "accrues at the time the plaintiff is injured." *Harvey v. United States*, 685 F.3d 939, 947 (10th Cir. 2012) (internal quotation marks omitted). Applying that rule, the district court concluded Mr. Mullins's claims accrued no later than October 2010, when he was imprisoned, but he failed to bring his civil action until July 2022. We see no error in that ruling.

Mr. Mullins argues his claims did not accrue "until March 8, 2022," when he first received "exculpatory evidence," and insists that, before that date, he had only a general understanding of the relevant information. Aplt. Opening Br. at 1.

4

We are not persuaded. Rather, as the district court correctly reasoned, this argument is premised on the date Mr. Mullins claims he first obtained evidence to support his claims, not the date he was injured. Because the relevant facts and dates are not in dispute, the date his claims accrued is a question of law. *See Herrera v. City of Española* 32 F.4th 980, 991 (10th Cir. 2022). And "[i]n this circuit, the general statute of limitations accrual rule in non-medical malpractice FTCA cases remains the injury occurrence, and *not* the discovery rule." *Plaza Speedway*, 311 F.3d at 1267–68 (emphasis added). A "discovery rule" applies only in "exceptional case[s] in which the plaintiff[] could not have immediately known of the injury." *Id.* at 1268*; see also Bayless v. United States*, 767 F.3d 958, 965 (10th Cir. 2014) ("In 'exceptional cases . . . the 'discovery rule' applies to 'protect plaintiffs who are blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the medical malpractice are in the control of the tortfeasor or otherwise not evident.'" (quoting *Plaza Speedway*, 311 F.3d at 1267)).

Mr. Mullins argues his claims did not accrue until he "'ha[d] a complete and present cause of action.'" Aplt. Opening Br. at 2 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). But that rule applies in 42 U.S.C. § 1983 cases, not to FTCA claims, *see Wallace*, 549 U.S. at 388, and Mr. Mullins explicitly argued in district court that his claims were *not* brought under § 1983. Like the district court, we conclude the injury-occurrence accrual rule applies. Based on the record, Mr. Mullins knew of his injury by the time he was convicted, *see Plaza Speedway*, 311 F.3d at

1267; his injury (i.e., his conviction and imprisonment) was manifest at that time, *see Bayless*, 767 F.3d at 965; and the "causal link" between law enforcement obtaining the images from his employer and his conviction was also evident, *id.* We therefore agree with the district court that Mr. Mullins's claims accrued no later than October 2010, and that he did not file his complaint within six years of that date. Accordingly, we affirm the dismissal of his FTCA claims as time-barred by § 2401(a).[1]

## C.

Arguing against the dismissal of his action, Mr. Mullins relies on a "Memorandum of Understanding and Agreement" he sent to federal officials in April 2022, shortly before filing this lawsuit. R. at 60–61. In that document, he asserted the claims he later filed in his complaint, sought $26 million and non-monetary relief to settle his claims, and called for a response within three days. Because the United States did not respond within three days, Mr. Mullins maintains this document is an enforceable settlement agreement.

The "agreement" provides no reason to reverse. First, even treating it as a written presentation of claims under § 2401(b), Mr. Mullins sent it over two years after his claims accrued—too late for his claims to be timely. *See* § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim

---

[1] Although Mr. Mullins seems to make an argument for equitable tolling in his reply brief, the argument is waived because he did not raise it in his opening brief. *See In re Syngenta*, 111 F.4th at 1112.

accrues . . . .”). Second, even if Mr. Mullins's complaint included contract-based claims, the document is not an enforceable contract or settlement agreement (including under the Tucker Act), because nothing supports the conclusion the United States agreed to it, even implicitly. *See generally, e.g.*, *Scarlett v. Air Methods Corp.*, 922 F.3d 1053, 1064 (10th Cir. 2019) (stating an implied-in-fact contract must be "founded upon a meeting of minds" (internal quotation marks omitted)).

IV.

We affirm the district court's dismissal without prejudice of Mr. Mullins's action. We grant his motion to proceed on appeal without prepayment of costs or fees. We deny his motion to disqualify the district court judge. We also deny his motion for an expedited ruling and his "Request to Submit for Decision" as moot.

Entered for the Court


Veronica S. Rossman
Circuit Judge